**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-23-0000546**
**07-NOV-2025**
**08:02 AM**
**Dkt. 42 SO**

NO. CAAP-23-0000546

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

BRANDON M.K. AKIONA, Petitioner-Appellant, v.
ADMINISTRATIVE DIRECTOR OF THE COURTS, Respondent-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DAA-23-00004)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Leonard and Wadsworth, JJ.)

Petitioner-Appellant Brandon Akiona (**Akiona**) appeals from the September 1, 2023 Judgment on Appeal (**Judgment**) entered by the District Court of the First Circuit, Honolulu Division (**District Court**).[1] Akiona also challenges the District Court's September 1, 2023 Decision and Order Sustaining Administrative Revocation.

Akiona raises a single point of error on appeal, contending that the District Court erred when it ruled that the police do not have an affirmative duty to provide a legal way to avoid a police DUI roadblock.

---

[1] The Honorable Shellie K. Park-Hoapili presided.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Akiona's point of error as follows:

Akiona argues, variously, that the plurality opinion in State v. Heapy, 113 Hawaiʻi 283, 151 P.3d 764 (2007), must be interpreted to require that police officers, when erecting a DUI roadblock, provide a driver approaching the roadblock with a way to legally avoid the roadblock and sufficient notice so that the driver can avail themself of that legal route.

Akiona does not cite to, nor do we find, language in the plurality opinion, the concurring opinion, or the cases discussed in Heapy that holds that police must provide motorists with a legal method of avoiding a roadblock. Although we recognize, as the plurality recognized in Heapy, that the Hawaiʻi Constitution provides greater protections against unreasonable search and seizure, as well as greater privacy rights, these protections have not been held to include an alternative route by which a driver can avoid a roadblock. See generally Heapy, 113 Hawaiʻi 283, 151 P.3d 764; see also Respicio v. Admin. Dir. of Cts., CAAP-17-851, 2019 WL 2121300, at *1 (Haw. App. May 15, 2019) (SDO) (holding that Heapy does not require police to provide alternate, legal route to avoid roadblock). Accordingly, we conclude that the District Court did not err in concluding that police do not have an affirmative duty to provide a legal way to avoid a DUI roadblock.

2

Therefore, the District Court's September 1, 2023 Judgment is affirmed.

DATED:  Honolulu, Hawai'i, November 7, 2025.

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge